124    53
d151  168

PHILIP CARPENTER, Respondent, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

*It seems* that a railroad corporation does not undertake to carry and safely deliver the effects of travelers not delivered into its custody, and while money, necessary for the expense of a journey undertaken, which is carried in the trunk of a passenger, is part of his baggage, and if lost while in the custody of the corporation for transportation, it is liable, money in the clothing worn by the passenger is not in its custody, and it is not chargeable for its loss, unless negligence on its part is shown.

A railroad corporation which runs sleeping-coaches on its road, with sections separated from the aisle only by curtains, is bound to have an employe charged with the duty of carefully and continually watching the interior of each car while berths are occupied by passengers.

*It seems,* the mere proof of the loss of money by a passenger while occupying a berth in such a car, does not make out a *prima facie* case against the corporation; some further evidence tending to show negligence on its part must be given.

In an action to recover for money alleged to have been lost by plaintiff while a passenger in a sleeping-car on defendant's road, the following facts appeared: Defendant runs upon its roads sleeping-cars, with the usual accommodations. Plaintiff purchased and was assigned a lower berth; when he went to bed he placed his pocket-book, containing the money in question, in the inside pocket of his vest, which he placed under his pillow on the side next to the window; the next morning he found his vest under his pillow on the side next to the passage-way, with his pocket-book in the pocket, but the money had been stolen. The upper berth was occupied by a stranger, but was unoccupied when plaintiff arose in the morning. At one end of the car was the porter's closet. A full view of the passage-way of the car could not be had from all parts of the space at that end. The train made a number of stops at large

cities during the night. The porter was the only employe on the car; he acted as conductor, and for his own profit blackened the passengers' boots. The court granted a motion by defendant to dismiss the complaint. *Held,* error; that the evidence was sufficient to put defendant to proof of the care it took of the occupants of the sleeper on the trip in question, and, in the absence of explanation, it was sufficient to require the question, whether plaintiff's loss was caused by defendant's negligence, to be submitted to the jury.

(Argued December 2, 1890: decided January 14, 1891.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, reversing a judgment of the General Term of the City Court of New York, which affirmed a judgment dismissing the complaint on the merits entered upon an order at the Trial Term.

This action was brought to recover money alleged to have been stolen from plaintiff while a passenger on one of defendant's sleeping-cars.

The defendant, a railroad corporation, is a carrier of passengers over its line between the cities of New York and Boston, and runs sleeping-cars with the usual accommodations. July 6, 1885, the plaintiff paid his fare and $1.50 for a berth from New York to Boston, and took passage on a train that left the Grand Central station at half past ten o'clock in the evening. He was assigned the lower berth in section ten of the sleeping-car "Boston" and went immediately to bed. A colored porter was in charge of the car, to whom plaintiff gave his passage and sleeping-car tickets. He testified that he undressed and placed his pocket-book containing $40 in money in his inside vest pocket, and then placed that garment under the pillow next to the window. He slept soundly and without waking until about six o'clock in the morning when the train was near Boston. Seeking his vest he found it under the pillow next to the passage-way with his pocket-book in the pocket, but the money had been stolen. His watch, which was in another pocket of the garment, and about $3 in silver in a third pocket were not taken. When the plaintiff went to bed the berth over him was occupied by a stranger, but it was unoccupied

when he got up.   On discovering his loss, he called the porter
and acquainted him with the fact.

At the close of plaintiff's evidence, in response to a question
of the court, defendant's counsel stated that he did not intend
to offer any evidence.   Under a stipulation the court reserved
his decision and subsequently dismissed the complaint, on the
ground that defendant was neither liable as an innkeeper or
common carrier, and that there was no evidence of negligence.

Further facts are stated in the opinion.

*Henry W. Taft* for appellant.   A sleeping-car company is
not an innkeeper or a common carrier, and is only bound to
use reasonable diligence in protecting the property of its
patrons.   (2 Beach on Railways, §§ 908, 909 ; 2 Rorer on
Railroads, 987 ; Thompson on Carriers, 530 ; Hutchinson on
Carriers, § 60, note 2 ; *Blum* v. *S. P. P. C. Co.*, 1 Flip. 500 ;
*Lewis* v. *N. Y. S. C. Co.*, 143 Mass. 273 ; *P. P. C. Co.* v.
*Gardner*, 3 Penn. 78 ; *Tracy* v. *P. P. C. Co.*, 67 How. Pr.
154 ; *I. C. R. R. Co.* v. *Handy*, 63 Miss. 614 ; *P. P. C. Co.*
v. *Smith*, 73 Ill. 360 ; *P. P. C. Co.* v. *Gaylord*, 6 Ky. Law ;
*P. P. C. Co.* v. *Pollock*, 5 Am. St. Rep. 31 ; *Woodruff*
v. *Diehl*, 84 Ind. 474 ; *Palmeter* v. *Wagner*, 11 Alb. L. J.
149 ;   13 id. 221 ; *Welch* v. *P. P. C. Co.*, 16 Abb. Pr. [N. S.]
352.)   Evidence of loss, unaccompanied by other proof, is not
any evidence of negligence.   (*Tracy* v. *P. P. C. Co.*, 67 How.
Pr. 154 ; *P. P. C. Co.* v. *Smith*, 73 Ill. 360 ; *M. R. Co.* v.
*Jackson*, 24 Eng. Rep. 124 ; 1 Philips on Ev. 604 ; *Baulee* v.
*N. Y. & H. R. R. Co.*, 59 N. Y. 356 ; *Hayes* v. *F. S. S. R.
R. Co.*, 97 id. 259 ; *W. S. C. Co.* v. *Diehl*, 34 Ind. 482 ; *Blum*
v. *S. P. P. C. Co.*, 1 Flip. 500.)   The fact that the defendant
was both the common carrier and the owner and manager of
the sleeping-car, cannot change the nature or extent of its
liability.   (*Macklin* v. *N. J. S. Co.*, 7 Abb. Pr. [N. S.] 239 ;
*Crozier* v. *B. N. Y. & N. S. Co.*, 43 How. Pr. 466 ; *Mudgett*
v. *B. S. S. Co.*, 1 Daly, 151 ; *Gore* v. *N. & N. Y. T. Co.*, 2 id.
254 ; Hutchinson on Carriers, § 60.)   The appellant attempted
to bring the case within the rule applied to bailees for hire,

such as warehousemen, who are bound, upon proof of the loss of property entrusted to them, to show that they are free from blame. This rule has no application to the present case, as there is no liability whatever on the part of a bailee until delivery of the property has been made to him and he has accepted it. (*Grosvenor* v. *N. Y. C. R. R. Co.*, 39 N. Y. 36.) The declarations of the porter were properly excluded. (*Furst.* v. *S. A. R. R. Co.*, 72 N. Y. 542.)

*Jabish Holmes, Jr.,* for respondent. This defendant is liable as a common carrier for the property of a passenger lost, while the latter is asleep, and without negligence on his part. (*P. Co.* v. *Roy*, 102 U. S. 452; *Miles* v. *Cottle*, 6 Bing. 743; *Robinson* v. *Dunmore*, 2 B. & P. 419; *Brook* v. *Pickwick*, 4 Bing. 218; *Hollister* v. *Newlin*, 19 Wend. 234; *Richards* v. *L. & B. R. Co.*, L. R. [7 C. B.] 839; *Butcher* v. *L. & S. W. R. Co.*, 16 id. 13; *LeCouteur* v. *L. & S. W. R. Co.*, L. R. [1 Q. B.] 54; *Mudget* v. *B. S. S. Co.*, 1 Daly, 151; *Gore* v. *N. & N. Y. T. Co.*, 2 id. 254; *Macklin* v. *N. J. S. Co.*, 7 Abb. Pr. [N. S.] 229; *Crozier* v. *B.*, *N. Y. & N. S. Co.*, 43 How. Pr. 466.) If defendant's liability is only that of a sleeping-car company, it was bound to exercise reasonable and ordinary care to protect plaintiff's property. (*Blum* v. *S. P. P. C. Co.*, 1 Flip. 500; Story on Bail, §§ 370, 422, 440, 444; *Mudge* v. *B. S. S. Co.*, 1 Daly, 151; *Gore* v. *N. & N. Y. T. Co.*, 2 id. 254; *Macklin* v. *N. Y. S. Co.*, 7 Abb. Pr. [N. S.] 229.) The evidence was at least sufficient to require the submission to the jury of the question of ordinary care. (*Bevis* v. *B. & O. R. Co.*, 26 Mo. App. 23, 27; *Lewis* v. *N. Y. S. C. Co.*, 143 Mass. 273; *P. P. C. Co.* v. *Gardner*, 3 Penn. 78; *Scaling* v. *P. P. C. Co.*, 24 Mo. App. 19; *Woodruff* v. *Diehl*, 84 Ind. 474; *P. P. C. Co.* v. *Pollock*, 3 Ry. & Corp. L. J. 45; *P. P. C. Co.* v. *Matthews*, 40 Am. & Eng. R. R. Cas. 644; *Payne* v. *T. & B. R. R. Co.*, 83 N. Y. 574; *Harris* v. *Perry*, 89 id. 311; *Ochsenbein* v. *Shapley*, 85 id. 224; *Stackus* v. *N. Y. C. R. R. Co.*, 79 id. 469; *Wolfkiel* v. *S. A. R. R. Co.*, 38 id. 49; *Weber* v. *N. Y. C. R. R. Co.*, 58 id. 455;

*Hart* v. *H. R. B. Co.*, 80 id. 622; *Justice* v. *Long*, 52 id. 323; *R. M. Co.* v. *N. H. S. Co.*, 50 id. 121; *Schwier* v. *N. Y. C. & H. R. R. R. Co.*, 90 id. 558.) The admissions and declarations of the porter were improperly excluded. (*P. P. C. Co.* v. *Gardner*, 3 Penn. 78; *Price* v. *Powell*, 3 N. Y. 322; *McCotter* v. *Hooker*, 8 id. 497; *Curtiss* v. *R. R. Co.*, 49 Barb. 148; *Palmer* v. *Bank*, 4 Wkly. Dig. 268; *Matterson* v. *N. Y. C. R. R. Co.*, 62 Barb. 364; *McCormack* v. *Barnum*, 10 Wend. 105; *Morse* v. *C. R. R. R. Co.*, 6 Gray, 450; *McGinness* v. *Adriatic Mills*, 116 Mass. 177; *Lane* v. *B. & A. R. R. Co.*, 112 id. 455; *Green* v. *B. & L. R. R. Co.*, 128 id. 221; *Railroad Co.* v. *Campbell*, 36 Ohio St. 467; *K. B. Co.* v. *F. R. R. Co.*, L. R. [9 Q. B.] 468; *Woodruff* v. *Diehl*, 84 Ind. 481.)

FOLLETT, Ch. J.   Money necessary for the payment of the expense of a journey undertaken, which is carried in the trunk of a passenger is part of his baggage, and if lost while in the custody of a carrier for transportation it is liable. (*Merrill* v. *Grinnell*, 30 N. Y. 594; *Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, 73 id. 167; 2 Red. R. R. 59.) But carriers do not undertake to carry and safely deliver the effects of travelers not delivered into their custody, and it cannot be held that money in a passenger's clothing worn during the day and placed under his pillow at night is in the custody of the corporation which carries and furnishes travelers with berths in sleeping-coaches. (*Lewis* v. *N. Y. Sleeping Car Co.*, 143 Mass. 267; 2 Rorer R. R. 887.)

The mere proof of the loss of money by a passenger while occupying a berth does not make out a *prima facie* case, and to sustain a recovery some evidence of negligence on the part of the defendant must be given.

The negligence complained of is that none of the defendant's employes were continually on guard in the car in a position to observe the movements of all persons in the passage-way between the sections.

A corporation engaged in running sleeping-coaches with sections separated from the aisle only by curtains is bound to have

an employe charged with the duty of carefully and continually watching the interior of the car while berths are occupied by sleepers. (*Pullman Car Co.* v. *Gardner*, 3 Pennypacker, 78.)

These cars are used by both sexes of all ages, by the experienced and inexperienced, by the honest and dishonest, which is understood by the carriers, and though such companies are not insurers they must exercise vigilance to protect their sleeping customers from robbery. A traveler who pays for a berth is invited and has the right to sleep, and both parties to the contract know that he is to become powerless to defend his property from thieves, or his person from insult, and the company is bound to use a degree of care commensurate with the danger to which passengers are exposed. Considering the compensation received for such services and the hazards to which unguarded and sleeping travelers are exposed, the rule of diligence above declared is not too onerous. Did the plaintiff give evidence which would have authorized the jury to have found that the defendant did not discharge this duty to the plaintiff? The car in which the plaintiff rode was constructed with a passage-way through the center with sections on each side, each section containing two berths. These sections were separated from each other by movable wooden partitions, and from the aisle by two curtains, which were closed when a berth was occupied. At one end of the car was a toilet for women, shut off from the passage-way by a swinging door. On one side of the other end of the car was a toilet for men, opposite to which was the porter's closet. A full view of the main aisle could not be had from all parts of the space at the end last described. The train stopped at eight cities to take up and set down passengers, staying at New Haven twelve minutes, and at Springfield four.

The undisputed evidence is that the entire force employed on the sleeper, which ran over an important thoroughfare, and made frequent stops was one man who acted as conductor, as porter, and was also engaged for his own profit, in blackening the shoes of the passengers. Whether this employe had that part of the sleeper which is for the common use of passengers

and the servants of the corporation constantly in view during the trip is not shown by the evidence, except inferentially. The facts hereinbefore referred to, that the car ran over an important route between two great cities, through and stopping at eight considerable ones, that but one person was employed on the car, the services rendered by him for the defendant, and those which he was at least permitted to render to passengers for his own profit, affirmatively appear, and in addition it may well be presumed that he assisted passengers in entering and leaving the coach at intermediate stations. The existence of these facts was not denied, nor was any explanation of them offered. The defendant gave no evidence. Under the circumstances the evidence was sufficient to put the defendant to proof of the care which it took of the occupants of the sleeper' on this trip, and in the absence of any explanation on its part it was sufficient to require the question, whether the loss was caused by the defendant's negligence to be submitted to the jury.

The order should be affirmed and judgment absolute rendered against the appellant, with costs.

All concur.

Order affirmed and judgment absolute for the respondent.