ELWIN S. PIPER, Appellant, *v.* THE NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY, Respondent.

*Passengers in sleeping cars — uses of the conveniences thereof during the night —
lights in toilet room — negligence as a matter of law — leaving rear car door open —
when negligent.*

A person who is a passenger on a sleeping car has a right to expect to find the
conveniences which are furnished by such cars and for which he has paid.

It is a matter of common knowledge that on sleeping cars passengers are expected
to use the conveniences of the car during the night, and also are awakened
in time that they may both dress and make their toilet before arriving at their
destination.

It cannot be said as a matter of law that a person upon discovering the darkness
of the toilet room of a sleeping car should return to the body of the car, find
the porter and wait until the room is lighted.

It is the duty of a railroad company not only to light the lamps in the toilet
room of its sleeping cars, but also to use reasonable care to keep them lighted,
and its neglect to do so a jury may determine to constitute negligence.

*Semble,* that the negligence of a railroad company may be inferred from the leav-
ing open of the rear door of the last car of a train, when the rules of the com-
pany provide that it shall be kept closed between stations.

APPEAL by the plaintiff, Elwin S. Piper, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of Kings on the 28th day of June, 1893,
dismissing the plaintiff's complaint, and for costs, upon the verdict of
a jury rendered by direction of the court after a trial at the Kings
County Circuit, and also from an order made on the 22d day of
June, 1893, and entered in said clerk's office denying the plaintiff's
motion for a new trial made upon the minutes.

*Jos. A. Burr, Jr.,* for the appellant.

*Thorndike Saunders* and *Edwin D. Worcester, Jr.,* for the
respondent.

CULLEN, J.:

This is an appeal from a judgment for the defendant upon a ver-
dict at Circuit directed by the court.

The plaintiff, on an evening in January, took a sleeping car at
Albany bound for New York, where the train was to arrive at six-

thirty in the morning. His testimony was to the effect that on the approach of the train to the city, about six o'clock, he was awakened by the porter; that, partially dressed, he started for the washroom, which he found wholly dark; that, to comply with a call of nature, he felt for the water closet, the location of which he knew, having been there the night before; that he grasped for the knob, and found one which he supposed to be that of the closet, but which proved to have been that of the rear door of the car, which had been left open, and that he was immediately precipitated through it from the train upon the ground, and was seriously injured.

That the plaintiff fell from the car was not disputed, but the absence of light, and that the door was open, were disputed. There was no such conclusiveness of the evidence in favor of the defendant as justified a direction in its favor on the disputed questions of fact. It is, therefore, to be determined whether, in the most favorable aspect of the evidence, the plaintiff failed as a matter of law to show any liability on the part of the defendant.

The plaintiff, being a passenger on the sleeping car, had the right to expect those conveniences which are furnished by such cars, and for which he had paid. (*Carpenter* v. *N. Y., N. H. & H. R. R. Co.*, 124 N. Y. 58.) It is a matter of common knowledge that on such cars passengers are expected to use the conveniences of the car during the night, and also are awakened in time that they may both dress and make their toilets before arriving at their destination. When the plaintiff reached the toilet room he found it dark. He had a call of nature which it was reasonable for him to discharge, provided he did not place himself in danger. We think that it cannot be said as a matter of law that the plaintiff, upon discovering the darkness of the toilet room, should have returned to the body of the car, found the porter, and waited until the room was lighted. The question of contributory negligence, therefore, was for the jury.

The defendant's negligence was also for the jury. We think no negligence can be predicated on the character of the car itself. But the absence of light might be found to be negligence, for the duty of the defendant was not only to light the lamps, but also to use reasonable diligence to maintain the light in the toilet room.

Negligence possibly might also be predicated from the door being left open. The rules of the company provided that it should be kept closed between the stations. As this was the last car of the train it was not necessary to open the door for communication between different cars. It is not entirely clear how this door was required by the rules to be fastened, and it may appear on another trial that it might have been opened by a passenger for any purpose, such as air or to go out on the platform. But we think, in any aspect of the case, the question of negligence, based on the absence of light, should have been submitted to the jury.

The judgment should be reversed and a new trial ordered, costs to abide event.

DYKMAN and PRATT, JJ., concurred.

Judgment reversed and new trial granted, with costs to abide the event.