(4 App. Div. 511)

# AYRES v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

CARRIERS—INJURIES TO PASSENGERS—MAIL BAG THROWN FROM TRAIN.

In an action for injuries to a passenger caused by stumbling over a mail bag lying on the station platform, between the waiting room and the passenger car, several witnesses for plaintiff testified that they had seen mail bags thrown on the platform many times during the preceding two years. Defendant's station agent testified that sometimes mail was thrown out of the mail car, but that he never knew it to be thrown at the place where plaintiff was injured. The conductor of the train, a trainman, and the person who carried the mail between the post office and the train testified that they never knew of mail bags being thrown off on that side of the station. *Held* sufficient to sustain a finding that defendant knew of the practice of throwing mail bags from the train on the platform.

Appeal from circuit court, Oneida county.

Action by Emma F. M. Ayres against the Delaware, Lackawanna & Western Railroad Company for personal injuries. From an order entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

William Kernan, for appellant.
William Townsend, for respondent.

FOLLETT, J. This action was begun November 12, 1891, to recover damages for a personal injury caused, it is alleged, by the negligence of the defendant. October 24, 1891, the plaintiff purchased of defendant a ticket at North Brookfield for Utica, for the purpose of taking passage on train No. 3, due at North Brookfield at 5:33 p. m. On this date the train arrived at North Brookfield at 9 minutes past 6 and left at 10 minutes past 6, it being 36 minutes late. This train carried the United States mail, and had for 12 or 13 years. The mail was in the charge of a postal clerk, who, on the occasion in question, threw a mail bag from the mail car to the station platform about the time that the train came to a stop. The bag fell upon the platform about 30 feet south of the waiting-room door and between it and the passenger car. The plaintiff, in going from the waiting room to the passenger car, fell over the bag, and was injured. She was assisted to the car, and rode to Utica, there took a New York Central train to Albany, at which place she took a Delaware & Hudson train for Saratoga, her home, arriving there at about 3 o'clock on the morning of October 25th. It is asserted that the accident caused severe and permanent injuries, from which the plaintiff has not recovered. October 24th the sun set at 5:05, and the accident occurred 1 hour and 5 minutes after sunset. It is alleged that the defendant was negligent (1) in permitting the mail bag to be thrown upon the platform between the waiting room and the passenger car, and (2) in not light-

ing the platform so as to enable passengers to see and avoid obstructions.

There is no dispute in the evidence that the mail bag was thrown upon the platform, and lay between the door of the waiting room and the passenger car. There was no gas nor electricity at this station, and the only means of lighting it was by lamps. There was a lamp, with a reflector, affixed to the exterior wall of the station, for the purpose of lighting the platform, which, at the time of the accident, was not burning. Two or three hanging lamps in the waiting room, one of which hung in a bay window, and a hand lamp in the ticket office, were lighted, and the lamps in the cars were burning. It is contended by the defendant that the light from these lamps, shining through the doors and windows of the depot opening upon the platform, with the lamps in the train, sufficiently lighted the platform to have enabled the plaintiff, by the exercise of due diligence, to have avoided the mail bag, and escaped injury. On the other hand, the plaintiff gave evidence that the platform was not sufficiently lighted to have enabled her, by the exercise of diligence, to have avoided the mail bag which lay in her path. On the trial much evidence was given on each side of this issue, and so much and of such a character that it became a question of fact for the jury, and its finding on this issue cannot be disturbed. When this action was first before this court (28 N. Y. Supp. 789) it was held, following Carpenter v. Railroad Co., 97 N. Y. 494, Muster v. Railroad Co., 61 Wis. 325, 21 N. W. 223, and Snow v. Railroad Co., 136 Mass. 552, that the defendant was liable for the injury, the plaintiff being free from negligence, in case the platform, on the occasion of the accident, was insufficiently lighted, and in case the defendant knew, or ought to have known, that the postal clerk was accustomed to throw mail bags on the platform at this station. The rule there laid down must be regarded by this court as the law of this case. On this trial the plaintiff called three witnesses who testified to the practice of the postal clerk. One swore that he had seen mail bags thrown onto the platform from this train by the postal clerk more than 100 times within two years preceding the accident. Another witness testified:

"Prior to the 24th of October, 1891, the mail clerks generally throwed the mail bag right off on the platform south of the depot. It usually struck right close by the cars as they passed along. They used to sometimes kick it out with their foot. It would strike anywhere from ten to thirty feet south of the depot. That custom had continued ever since I kept the hotel,—since 1884,—from 1884 to 1892."

This witness kept a hotel from 1884 to 1892 near this station, from which he could see the station and platform. Another witness testified that, within two years prior to the accident, he had seen mail bags lying on the platform about the time this train passed, on 15 or 20 occasions. Upon this issue the defendant called the agent at this station, who testified that sometimes the mail bag was kicked out of the mail car north of the bay window as the train passed, but that he did not remember ever having seen it thrown off south of the waiting-room door before the night of the

accident.    The conductor of the train testified that he never knew
of mail bags being thrown off south of the waiting room.    A train-
man who had been employed on the train for two years testified
that he had never known of mail bags being thrown off south of the
waiting room, and the person who carried the mail between the
post office and the train testified that he had never seen mail bags
thrown off south of the waiting room before the accident.    That it
had long been the custom for the postal clerk to throw bags from
the car to some place on the platform is testified to by all of the
witnesses.    The only point of difference among them was as to
the particular place on the platform where bags had usually been
deposited.    The point where the bags were thrown off was un-
doubtedly dependent upon the place where the train stopped.    This
evidence is quite sufficient to sustain the finding that the defendant
knew or ought to have known of the practice of the postal clerk.
The evidence was sufficient to authorize the jury to find that the
plaintiff did not contribute to the accident by any negligence of her
own in attempting to enter the car.

It is urged that the damages awarded are excessive.    This case
has been three times tried.    On the first trial, in January, 1892,
the jury disagreed; on the second trial, in March, 1893, a verdict
for $19,000 was rendered; and on the present trial, in May, 1895,
a verdict was rendered for $9,083.    The testimony in respect to the
extent of the plaintiff's injuries, and whether they are likely to be
permanent, is voluminous.    Physicians testified on both sides.
The plaintiff has submitted to a physical examination by the de-
fendant's surgeons.    The medical features in the case were gone
over on the first and second trials, and every opportunity has been
had to develop the extent and character of the injuries complained
of, and though the sum awarded seems large, yet we cannot say
that it is so large as to justify this court, under the circumstances,
in setting aside the verdict on the ground that it is excessive.

The court, while instructing the jury, said:

"But, gentlemen, if she took cold going to Albany as the result of the injury
which she received, and that was the necessary consequence of such injury,
then the defendant is liable for that condition of things."

To this the defendant excepted.    Upon a careful examination
of the case we fail to find any evidence that her illness was caused,
in whole or in part, by taking cold on the journey from North
Brookfield to Saratoga.    Indeed, we find no evidence that would
justify the conclusion that she took cold on that trip.    The plain-
tiff testified that, immediately after entering the car at North
Brookfield she had a severe chill, and felt cold, and while at Albany
she had a second chill.    The night of the accident was chilly.    The
foregoing is the only evidence from which it was sought to have
the jury infer that the plaintiff's illness was caused by taking cold.
It is conceded that the plaintiff was injured, and the evidence is
ample to justify the conclusion that the injuries were sufficient to
produce the chills and subsequent symptoms.    There being a
known and efficient cause for the chills, subsequent fever, and rise
in temperature, the court was not required to instruct the jury

that they might attribute these conditions to a cause not shown to have existed, which, if it had existed, might have produced many or all of the symptoms. The instruction excepted to was quite as favorable to the defendant on this branch of the case as it was entitled to.

The exceptions taken to the admission and exclusion of evidence are unimportant, and require no discussion. The judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.