ELIZABETH LYCETT, Appellant, v. THE MANHATTAN RAILWAY COM-
PANY, Respondent.

*Negligence — injury at the approach to an elevated railroad station — when questions
of negligence and contributory negligence are for the jury.*

A woman about to take a train on an elevated railroad, after mounting the stairs,
and while looking in her pocket for money to pay her fare, walked along and
fell over a man who was either standing or kneeling (there being a conflict in
the evidence as to his position) on the floor at a point about four feet from the
head of the stairs leading to the station engaged in putting up a poster on a
signboard.

In an action brought by the woman to recover the damages for injuries resulting
from the accident,

*Held,* that the questions as to the negligence of the railroad company and as to the
woman's contributory negligence should have been submitted to the jury.

APPEAL by the plaintiff, Elizabeth Lycett, from a judgment of
the Superior Court of the city of New York in favor of the defend-
ant, entered in the office of the clerk of said court on the 18th day
of June, 1895, upon a dismissal of the complaint directed by the
court after a trial before the court and a jury at a Trial Term of
said court.

*Samuel H. Randall,* for the appellant.

*Joseph H. Adams* and *Julien T. Davies,* for the respondent.

INGRAHAM, J. :

The plaintiff, a woman forty-nine years old, going to take one of
the trains of the defendant railroad, having mounted the stairs lead-
ing to the depot, and about four feet from the head of the stairs, fell
over a man who was putting up a poster on a signboard at the
entrance of the defendant's station. This man appears to have been
between the top of the stairs and the ticket office, where the plain-
tiff was obliged to purchase her ticket before entering the train.

There was evidence tending to show that the man was kneeling
down at the time, his legs extending over the passageway, although
the man himself was called as a witness and testified that he was not
kneeling, but was standing up. The plaintiff swore that she did
not see the man, but in some way was thrown suddenly upon a

metallic pot that he was using at the time, and was injured. At the close of the case the court dismissed the complaint, and from such dismissal the plaintiff appeals.

We think that this case should have been submitted to the jury. The plaintiff, seeking to become a passenger upon the defendant's railroad, was using the means supplied by the defendant to enable passengers to approach its ticket office to purchase a ticket, as required of passengers, before entering the train. The defendant was bound to exercise ordinary care to make the approach reasonably safe, so that passengers using it would not be injured; and whether it allowed such passageway to become unsafe in consequence of defective appliances, or in consequence of an obstruction placed there, was immaterial. To allow either one of its employees, or the employee of another, working upon the premises with its assent, to so obstruct this passageway that one using it would trip over him and fall, was certainly not a performance of this duty. Questions of this character have been many times before the court, and it has been universally held that any obstruction upon a railroad station, placed or permitted to exist there, and which rendered the approach to the station dangerous, was negligence.

The obligation of a railroad company as to the construction and maintenance of its stations and platforms is stated in *Lafflin* v. *Buffalo & Southwestern R. R. Co.* (106 N. Y. 139): "It was not bound so to construct this platform as to make accidents to passengers using the same impossible, or to use the highest degree of diligence to make it safe, convenient and useful. It was bound simply to exercise ordinary care, in view of the dangers attending its use, to make it reasonably adequate for the purpose to which it was devoted." Applying this rule, it is apparent that if this defendant either authorized or permitted a person to stand or kneel in such a narrow passageway, through which all of its passengers were obliged to go to get upon its cars, in such a way that his limbs extended across the passageway, and persons approaching the station were liable to trip over them, it was not using ordinary care to make such passageway reasonably safe for the purpose for which it was intended; or, at least, it was a question for the jury to determine, whether or not the defendant did, exercise such care in permitting this passageway to be so obstructed.

We also think that the question as to the plaintiff's contributory negligence was a question for the jury. She was walking on this passageway, which she had a right to assume was reasonably safe, for the purpose of approach to the ticket office. She was looking in her pocket for money to pay her fare. Such payment of fare is required by the railroad company before entering a car, and a person cannot as a matter of law be said to be negligent while attempting to provide money to meet the requirements of the defendant so that her attention was diverted from the floor on which she was walking. It would be manifestly impossible for a person approaching such a station to keep his eyes constantly upon the floor to see whether or not the defendant has placed such obstructions in the passageway as to make the use of it dangerous. Whether or not the plaintiff did exercise the care of a prudent person under the circumstances, in approaching this ticket office, is a question for the jury.

We think, therefore, that the nonsuit was error, and that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Van Brunt, P. J., Rumsey, Williams and Patterson, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.