### LYCETT v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. December 11, 1896.)

CARRIER—APPROACHES TO TICKET OFFICE—NEGLIGENCE.
   Where plaintiff, while going through a passage to defendant's ticket office to buy a ticket, stumbled over a man who was posting advertisements, the questions of negligence and contributory negligence are for the jury.

Appeal from trial term, New York county.

Action by Elizabeth Lycett against the Manhattan Railway Company to recover damages for personal injuries alleged to have been sustained by plaintiff in consequence of defendant's negligence in permitting an obstruction of the passageway to its ticket office. From a judgment dismissing the complaint with $110.98 costs to defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Samuel H. Randall, for appellant.

Joseph H. Adams, for respondent.

INGRAHAM, J. The plaintiff, a woman 49 years old, going to take one of the trains of the defendant railroad, having mounted the stairs leading to the depot, and about four feet from the head of the stairs, fell over a man who was putting up a poster on a sign board at the entrance of the defendant's station. This man appears to have been between the top of the stairs and the ticket office, where the plaintiff was obliged to purchase her ticket before entering the train. There was evidence tending to show that the man was kneeling down at the time, his legs extending over the passageway, although the man himself was called as a witness, and testified that he was not kneeling, but was standing up. The plaintiff swore that she did not see the man, but in some way was thrown suddenly upon a metallic pot that he was using at the time, and was injured. At the close of the case the court dismissed the complaint, and from such dismissal the plaintiff appeals.

We think this case should have been submitted to the jury. The plaintiff, seeking to become a passenger upon the defendant's railroad, was using the means supplied by the defendant to enable passengers to approach its ticket office to purchase a ticket, as required of passengers before entering the train. The defendant was bound to exercise ordinary care to make the approach reasonably safe, so that passengers using it would not be injured; and whether it allowed such passageway to become unsafe in consequence of defective appliances or in consequence of an obstruction placed there was immaterial. To allow either one of its employés or the employé of another, working upon the premises with its assent, to so obstruct this passageway that one using it would trip over him and fall, was certainly not a performance of this duty. Questions of this character have been many times before the court, and it has been universally held that any obstruction upon a railroad station, placed or permitted to exist there, and which render-

ed the approach to the station dangerous, was negligence.    The obligation of a railroad company as to the construction and maintenance of its stations and platforms is stated in Lafflin v. Railroad Co., 106 N. Y. 139, 12 N. E. 600:

"It was not bound so to construct this platform as to make accidents to passengers using the same impossible, or to use the highest degree of diligence to make it safe, convenient, and useful. It was bound simply to exercise ordinary care, in view of the dangers attending its use, to make it reasonably adequate for the purpose to which it was devoted."

Applying this rule, it is apparent that if this defendant either authorized or permitted a person to stand or kneel in such a narrow passageway, through which all of its passengers were obliged to go to get upon its cars, in such a way that his limbs extended across the passageway, and persons approaching the station were liable to trip over them, they were not using ordinary care to make such passageway reasonably safe for the purpose for which it was intended; or, at least, it was a question for the jury to determine, whether or not the defendant did exercise such care as to permit this passageway to be so obstructed.

We also think the question as to the plaintiff's contributory negligence was a question for the jury.    She was walking on this passageway, which she had a right to assume was reasonably safe for the purpose of approach to the ticket office.    She was looking in her pocket for money to pay her fare.    Such payment of fare is required by the railroad company before entering a car, and a person cannot, as a matter of law, be said to be negligent while attempting to provide money to meet the requirements of the defendant, so that her attention was diverted from the floor on which she was walking.    It would be manifestly impossible for a person approaching such a station to keep his eyes constantly upon the floor, to see whether or not the defendant has placed such obstructions in the passageway as to make the use of it dangerous.    Whether or not the plaintiff did exercise the care of a prudent person under the circumstances, in approaching this ticket office, is a question for the jury.

We think, therefore, that the nonsuit was error, and that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.