JOHN J. LEVIEN, Respondent, v. W. SEWARD WEBB, as President, Etc., Appellant.

(City Court of New York, General Term, December, 1899.)

Negligence — Permitting a valise to remain in the aisle of a sleeping-car.

A sleeping-car company is guilty of negligence where it knowingly permits a large valise to remain in the passage-way of a car, dimly lighted, and over which a passenger stumbled while on his way to the washroom, before sunrise.

APPEAL from a judgment entered upon the verdict of a jury in favor of the plaintiff, and from an order denying a motion for a new trial.

Saunders, Webb & Worcester (Edwin D. Worcester, Jr., of counsel), for appellant.

Nathan, Leventritt & Perham (Edgar M. Leventritt, of counsel), for respondent.

O'DWYER, J. This action was brought by the plaintiff to recover damages for injuries sustained by him through the negligence of the defendant, while he was lawfully an occupant of one of defendant's cars. The plaintiff entered the car about fifteen minutes before it left Cleveland, which was at 8.50 on the evening of October 5, 1896. He retired at about 9.30, and arose the next morning about a quarter to six, about an hour before the car was due at Cincinnati. He was proceeding from his berth at one end of the car, towards the wash room at the other end, and when half way stumbled over a large valise which the defendant's porter had knowingly permitted to remain in the aisle. The car was dimly lighted and the first intimation the plaintiff had of the dangerous condition of this passage-way was when he stumbled and fell and received the injuries complained of. He had a right to assume that the passage-way was safe and the question of contributory negligence, therefore, was for the jury. Piper v. N. Y. C. & H. R. R. R. Co., 76 Hun, 44. The plaintiff, while

lawfully walking along the aisle of the defendant's car, stumbled over a valise which obstructed the passageway, and this dangerous condition of the aisle was known to the defendant prior to the accident, and by it permitted to continue. Such derelictions of duty on the part of the defendant constitute negligence. Ayres v. Delaware, L. & W. R. R. Co., 158 N. Y. 254; 4 App. Div. 511; Lycett v. Manhattan R. Co., 12 id. 326. We have examined all the exceptions called to our attention, and find none that would require a reversal of this judgment.

The judgment and order appealed from affirmed, with costs.

FITZSIMONS, Ch. J., and SCHUCHMAN, J., concur.

Judgment and order affirmed, with costs.