LEVIEN v. WEBB.

(City Court of New York, General Term. December 27, 1899.)

1. CARRIERS — INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
    Plaintiff was proceeding from his berth in defendant's sleeping car towards the wash room, at the other end, and fell over a large valise, which defendant's porter had knowingly permitted to remain in the aisle. The car was dimly lighted, and plaintiff did not know of the valise until he stumbled. *Held*, that he had a right to assume that the passage was safe, and hence his contributory negligence was for the jury.

2. SAME—NEGLIGENCE.
    Allowing a valise to stand in the aisle of a dimly-lighted car, where passengers are apt to stumble over it, is negligence.

Appeal from trial term.

Action by John J. Levien against W. Seward Webb, as president, etc. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

Edwin D. Worcester, for appellant.

Edgar L. Leventritt, for respondent.

O'DWYER, J. This action was brought by the plaintiff to recover damages for injuries sustained by him through the negligence of the defendant while he was lawfully an occupant of one of the defendant's cars. The plaintiff entered the car about 15 minutes before it left Cleveland, which was at 8:30 on the evening of October 5, 1896. He retired at about 9:30, and rose the next morning at about quarter to 6,—about an hour before the car was due at Cincinnati. He was proceeding from his berth at one end of the car towards the wash room, at the other end, and when halfway stumbled over a large valise which the defendant's porter had knowingly permitted to remain in the aisle. The car was dimly lighted, and the first intimation the plaintiff had of the dangerous condition of this passageway was when he stumbled and fell and received the injuries complained of. He had the right to assume that the passage was safe, and the question of contributory negligence, therefore, was for the jury. Piper v. Railroad Co., 76 Hun, 44, 27 N. Y. Supp. 593. The plaintiff, while lawfully walking along the aisle of the defendant's car, stumbled over a valise which obstructed the passage; and this dangerous condition of the aisle was known to the defendant prior

to the accident, and by it permitted to continue. Such derelictions of duty on the part of the defendant constitute negligence. Lycett v. Railway Co., 12 App. Div. 326, 42 N. Y. Supp. 431. We have examined all the exceptions called to our attention, and find none that would require a reversal of this judgment.

The judgment and order appealed from should be affirmed, with costs. All concur.