### LYCETT v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

DISCRETION OF COURT—SENDING PAPERS TO JURY.
    Determining whether a map in evidence showing the place of the accident shall be sent to the jury, as requested by them, is only an exercise of the court's discretion.

Appeal from trial term, New York county.

Action by Elizabeth Lycett against the Manhattan Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Joseph H. Adams, for appellant.
Samuel H. Randall, for respondent.

PER CURIAM. Upon a careful examination of this case, we cannot discover any new facts to take it out of the rules laid down when it was last before the court. 12 App. Div. 326, 42 N. Y. Supp. 431. It is said that it is uncontradicted that when the plaintiff went up the steps there was no crowd upon them. If that were so, it would make no difference, because no stress was laid upon that by the court on the former appeal, and, at the most, it would merely be a fact for the jury to consider on the question of the plain-

tiff's contributory negligence. But it is not so. More than one witness testifies that there was a crowd on the steps as the plaintiff went up. Steiner, a witness for the defendant, testifies that, as the plaintiff and her party came up the steps, he saw a crowd coming up and rushing for the entrance, so that they pushed the plaintiff down. So, if the presence of the crowd was material, there was plenty of evidence to establish it.

No fault was found by the counsel for the defendant with the manner in which the case was submitted to the jury, nor does he complain of any of the rulings, except the refusal to send to the jury the map which had been put in evidence. It appears that the court received a request from the jury that the map might be sent to them. Undoubtedly, whether the court should grant their request rested purely in its discretion. Before exercising it, the court asked the counsel whether the granting of the request was satisfactory to them, and, upon the objection of the counsel for the plaintiff, the court said that he could not give the jury the map without that consent. There was no reason why this exercise of the discretion of the court was improper, and that it was only an exercise of discretion is quite clear. The judgment and order appealed from must be affirmed, with costs.