## ANNA M. SPALLEN v. THE PULLMAN COMPANY.[1]

January 13, 1922.

No. 22,593.

**Passenger's baggage in car aisle—notice to carrier.**

1. If a passenger places his personal baggage in the aisle of a car and so obstructs the passageway, the carrier is not chargeable with negligence, unless it is shown that it had actual or constructive notice of the presence of the baggage in the aisle.

**Sleeping car company must keep car aisles properly lighted.**

2. It is the duty of a sleeping car company to keep the aisles in its cars properly lighted at all times when the cars are occupied by passengers. Failure so to do may constitute actionable negligence.

**Contributory negligence of passenger in sleeping car.**

3. Plaintiff was not guilty of contributory negligence as a matter of law in leaving her berth at night to go to a toilet room after she discovered that one of the night lights at the end of the aisle in the sleeping car was out and the aisle but dimly lighted.

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The case was tried before Dickson, J., who at the close of the testimony granted defendant's motion for a directed verdict on the grounds that plaintiff had failed to establish a cause of action; that she had failed to show that defendant was in any respect negligent and that the suit case she claimed to have fallen over had been in the aisle of the car a sufficient length of time to charge defendant with negligence. From an order denying her motion for a new trial, plaintiff appealed. Reversed.

*Douglas, Kennedy & Kennedy,* for appellant.

*Denegre, McDermott, Stearns & Weeks,* for respondent.

LEES, C.

On November 20, 1920, plaintiff was a passenger on a train from New York to Chicago. She had a berth in a sleeping car operated

[1]Reported in 186 N. W. 233.

by the defendant, and at about 3 o'clock in the morning, while going from her berth to the women's toilet room, she fell over a traveling bag in the aisle of the car and was injured. Charging the defendant with negligence in failing to keep the aisle free from obstructions and the car properly lighted, she brought this action to recover damages. When all the evidence was in, defendant asked for an instructed verdict in its favor and its request was granted. Plaintiff appealed from an order denying a new trial.

There were but three witnesses at the trial, the plaintiff, the sleeping car conductor and the porter. According to plaintiff's testimony, she awoke some time before 3 a. m., lay awake in her berth about half an hour, and then left it to go to the toilet room, which was at the farther end of the car. The car had 16 sections and her berth was No. 1. There was a night light at the end of the car towards which she was going, but none at the opposite end. The aisle was imperfectly lighted and she failed to see the traveling bag, stumbled over it and fell. She screamed, but no one came to her assistance. She continued on to the toilet room, returned to her berth, sat down on the edge of it, and in a few minutes the porter appeared, to whom she reported the accident. He turned on the lights in the car and called the conductor, and the bag obstructing the aisle was discovered. It projected out about 18 inches and was opposite berth No. 6. The conductor testified that no passengers boarded the car after 11:30 p. m.; that he was up and through the car from time to time until 2 a. m. when he went to bed, and at that time there was no obstruction in the aisle of the car and both night lights were on; that he heard nothing about the accident until about 8 o'clock the next morning, when plaintiff told him about it, and that he occupied a berth at the end of the car where plaintiff had her berth, was awake about an hour and did not hear her scream. The porter testified that all the passengers in the car had retired as early as 11:30 p. m.; that when he made up berth No. 6, he put the bag in question in the berth; that he was up and about the car until 1 a. m. when he lay down and went to sleep, leaving the car in charge of the porter in the next one to it; that at 1 a. m. he saw no obstructions in the aisle and both the night lights were on, and

that he heard nothing of the accident until about 8 o'clock in the morning. Plaintiff was an experienced traveler and entirely familiar with the arrangement of sleeping cars, but was an elderly woman and somewhat nearsighted.

Negligence in two particulars is charged: (1) In permitting the aisle to be obstructed by the traveling bag of the passenger in berth No. 6; (2) in failing to light the car properly.

Defendant charges plaintiff with contributory negligence in that she walked in an aisle which she says was dimly lighted without summoning the porter.

1. The traveling bag belonged to and was under the control of the passenger in berth No. 6, and, if it was in the aisle, he must have placed it there. There was nothing to show when it was put there. It might have been a few minutes before the plaintiff left her berth. The rule is that, if a passenger places his personal bag-. gage in the aisle of a car and so obstructs the passageway, the carrier is not chargeable with negligence, unless it is shown that it had actual or constructive notice of the presence of the baggage in the aisle. Burns v. Pennsylvania Ry. Co. 233 Pa. St. 304, 82 Atl. 246, Ann. Cas. 1913B, 811; Kantner v. Philadelphia & R. Ry. Co. 236 Pa. St. 283, 84 Atl. 774; Stimson v. Milwaukee, L. S. & W. Ry. Co. 75 Wis. 381, 44 N. W. 748; Beiser v. Cincinatti Ry. Co. 152 Ky. 522, 153 S. W. 742, 43 L. R. A. (N. S.) 1050; Alabama Ry. Co. v. Johnson, 14 Ala. App. 558, 71 South. 620; Rittle v. St. Paul City Ry. Co. 149 Minn. 216, 183 N. W. 146.

There is no evidence that defendant had actual notice of the obstruction. Whether it had constructive notice depends on the length of time the bag had been in the aisle. If it had been there so long that defendant's employes would have discovered it if they had been reasonably vigilant in the discharge of their duties, defendant should be held to have had constructive notice. The evidence wholly fails to show when the bag was put in the aisle, hence there is nothing on which to base a finding of constructive notice. On this branch of the case the trial court correctly held that plaintiff had failed to show negligence on the part of the defendant.

2. It is the duty of a sleeping car company to keep the aisles in its cars properly lighted at all times when the cars are occupied by passengers. At night, after the passengers have retired, it is customary and proper to turn off the lights in the ceiling of the cars. Passengers in the upper berths could not otherwise sleep with any degree of comfort. But the lights at either end of the car should be constantly lighted at night, so that passengers may see their way if they have occasion to walk through the aisle. In this respect defendant owed plaintiff a duty which, according to her testimony, it failed to perform. If it had been performed she might have seen the traveling bag and avoided it. At least the jury might have so found. We hold that she made a case for the jury with respect to the charge of negligence now under consideration. Beiser v. Cincinnatti Ry. Co. supra; Burns v. Pennsylvania Ry. Co. supra; Valentine v. Northern Pacific Ry. Co. 70 Wash. 95, 126 Pac. 99; Piper v. New York Cent. Ry. Co. 76 Hun, 44, 27 N. Y. Supp. 593.

3. This brings us to the last question in the case: Was the plaintiff guilty of contributory negligence as a matter of law? We answer it in the negative. Granting that when she left her berth she discovered that one of the night lights was out and the aisle imperfectly lighted, and that she might have summoned the porter before starting down the aisle, nevertheless we think it was for the jury to determine whether she failed to exercise ordinary care for her own safety. It occurs to us that persons of ordinary prudence would have assumed that the aisle was free from obstructions and trusted to their ability to see well enough to proceed safely without calling for more light. Valentine v. Northern Pac. Ry. Co. supra; Piper v. New York Cent. Ry. Co. supra. We conclude that the trial court erred in directing a verdict for the defendant.

The order denying a new trial is reversed and a new trial granted.